# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY L. HUGHES,

    Plaintiff,

v.

WARREN W. GOEDERT, *et al.*,

    Defendants.

3:17-cv-00174-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Before the court is Danny L. Hughes's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having thoroughly reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted and the complaint be dismissed as outlined below.

    **I.**    ***IN FORMA PAUPERIS* APPLICATION**

Based on the financial information provided in his application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1.) Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

    **II.**    **LEGAL STANDARD**

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist),

as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff, acting *pro se*, has filed a civil rights complaint pursuant to 18 U.S.C. § 241 and *Pierson v. Ray*, 386 U.S. 547, 568 (1967). (ECF No. 1-1 at 1.) He names as defendants Warren

W. Goedert ("Goedert"), Delmar L. Hardy ("Hardy"), and Joan C. Wright ("Wright"). (*Id.*) Plaintiff alleges the defendants conspired to create a false court record, and refused to "support or uphold the Judicial Machinery of the Court." (*Id.* at 2.)

### A. Count I

In Count I, plaintiff alleges that the defendants conspired to create a false court record. (*Id.*) Plaintiff asserts that the defendants interfered with a state court order during an arbitration proceeding which constituted a "Fraud on The Court By an Officer of The Court." (*Id.*) Plaintiff submitted sixteen exhibits claiming they serve as "conclusive, irrefutable proof" that support his allegation. (*Id.*)

Plaintiff's complaint contains miniscule factual allegations for the court to analyze. Plaintiff does not explain or analyze his submitted exhibits to lend support to his claim. Although the court is to construe his complaint liberally, even *pro se* plaintiffs must identify some cognizable basis for each legal claim. That is, it is not for the court to canvass the United States Constitution and the entirety of the U.S. Code in order to piece together plaintiff's complaint. Although he is not required to submit detailed factual allegations under the Federal Rules of Civil Procedure, one-sentence statements that use legal buzz words or recite one element of a various claim are not sufficient to state a claim at the pleading stage. *See Twombly*, 550 U.S. at 555. Accordingly, Count I should be dismissed without prejudice, with leave to amend.

### B. Count II

In Count II, plaintiff alleges that Judge Patrick Flanagan ("Judge Flanagan") did not "support or uphold the Judicial Machinery of the Court" pursuant to *Pierson*. (ECF No. 1-1 at 2.) Plaintiff claims that Judge Flanagan intentionally and knowingly acted to deprive the plaintiff's constitutional rights by acting "as a minister of his own prejudices." (*Id.*) The court first notes that Judge Flanagan is not a named defendant in this case. (*See id.* at 1.) In addition, judges enjoy absolute immunity from liability for their judicial or adjudicatory acts. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988); *see also Bradley v. Fisher*, 80 U.S. 335, 351 (1871). Accordingly, Count II should be dismissed with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

For the reasons articulated above, the complaint as to Count I should be dismissed without prejudice, with leave to amend to cure deficiencies described above. In addition, the court finds that dismissal as to Count II is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND** as to Count I;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to Count II;

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to file an amended complaint remedying, if possible, the defects identified above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if he does not file an amended complaint within the specified time period,

the court will recommend dismissal of his complaint WITH PREJUDICE. Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:17-cv-00174-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED: May 31, 2017

_____
UNITED STATES MAGISTRATE JUDGE

5