1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                 * * *

9    DANNY L. HUGHES,                    Case No. 3:17-cv-00174-MMD-VPC

10                          Plaintiff,   ORDER ACCEPTING AND ADOPTING
                                         REPORT AND RECOMMENDATION
11        v.                             OF MAGISTRATE JUDGE
     WARREN W. GOEDERT, et al.,          VALERIE P. COOKE
12
                           Defendants.
13

14         Before the Court is the Report and Recommendation of United States Magistrate

15   Judge Valerie P. Cooke (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed

16   in forma pauperis ("IFP Application") (ECF No. 1) and pro se complaint (ECF No. 1-1).

17   The R&R recommends granting Plaintiff's IFP Application, dismissing count 1 with

18   prejudice and dismissing count II without prejudice and with leave to amend. Plaintiff had

19   until June 15, 2017 to file an objection. (ECF No. 3.) Plaintiff has not filed an objection.

20   On June 22, 2017, Plaintiff filed an amended complaint. (ECF No. 4.)

21         This Court "may accept, reject, or modify, in whole or in part, the findings or

22   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

23   timely objects to a magistrate judge's report and recommendation, then the court is

24   required to "make a de novo determination of those portions of the [report and

25   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

26   to object, however, the court is not required to conduct "any review at all . . . of any issue

27   that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

28   Indeed, the Ninth Circuit has recognized that a district court is not required to review a

magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R. Upon reviewing the R&R and the filings in this case, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.[1]

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 3) is accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in form pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk will file the complaint (ECF No. 1-1).

///

---

[1]Without waiting for the Court to address the R&R, Plaintiff filed a proposed first amended complaint. (ECF No. 4.) Even if the Court were to consider this document, the proposed complaint is nevertheless deficient in that Plaintiff summarizes various exhibits in what appears to be a state court action. Plaintiff appears to assert claims against individuals involved in his state court action pursuant to 42 U.S.C. § 1983. However, section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

It is further ordered that the complaint is dismissed without prejudice, with leave to amend, as to Count I.

It is further ordered that the complaint is dismissed with prejudice, as to Count II.

Plaintiff will have thirty (30) days to amend his second amended complaint to address the deficiencies of the allegations in support of Count II. Failure to timely file an amended complaint will result in dismissal of this action with prejudice.

DATED THIS 30th day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE