


UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANNY L. HUGHES,

Plaintiff,

v.

WARREN G. GOEDERT, *et al.*,

Defendants.

3:17-cv-00174-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's second amended complaint (ECF No. 7). For the reasons discussed below, the court recommends that the amended complaint be dismissed without prejudice and without leave to amend.

## I. BACKGROUND AND PROCEDURAL HISTORY

Danny L. Hughes ("plaintiff"), acting *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *West v. Atkins*, 487 U.S. 42, 48-49 (1988). (ECF No. 7 at 1.) On June 1, 2017, this court issued a report and recommendation to the District Court recommending that plaintiff's application to proceed *in forma pauperis* be granted and screening plaintiff's original complaint (ECF No. 3). On June 30, 2017, the District Court adopted and accepted the report and recommendation that Count I be dismissed with prejudice with leave to amend and Count II be dismissed with prejudice. (ECF No. 5.) Count I related to allegations that defendants conspired to create a false court record while Count II alleged that a state court judge did not "support or uphold the Judicial Machinery of the Court" pursuant to *Pierson v. Ray,* 386 U.S. 547, 568 (1967). (ECF No. 3 at 2-3.) The court dismissed these claims on various grounds, including that certain defendants were immune from suit, and that plaintiff had failed to state a claim due to his

complaint's miniscule factual allegations. (*Id.*) Plaintiff was given leave to amend the complaint to rectify, if possible, these deficiencies. (*Id.* at 4.)

Plaintiff filed his second amended complaint on July 10, 2017. (ECF No. 7) As in the original complaint, plaintiff names as defendants Warren W. Goedert, Delmar L. Hardy, and Joan C. Wright. (*Id.* at 1.) Plaintiff now alleges defendants deprived his due process rights guaranteed in the Fifth and Fourteenth Amendments by conspiring to create false court records. (*Id.* at 2.)

## II. LEGAL STANDARD

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her

complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) or fanciful factual allegations (e.g., fantastic or delusional scenarios).

## III. DISCUSSION

Plaintiff's amended complaint fails to correct the defects identified in this court's prior screening order. First, plaintiff cites to *West*, 487 U.S. 42 in order to establish the elements of a § 1983 claim. However, the amended complaint does not adequately allege that defendants acted under color of state law, as is required to state a claim under § 1983. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). "[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 50 (internal citations omitted). Private attorneys are not classified as acting under color of state law. *See Keane v. Artz*, 162 F. App'x 748, 749–50 (9th Cir. 2006). Plaintiff does not provide facts to suggest that defendants were acting under the color of state law. *See West*, 487 U.S. at 50. As pled, plaintiff does not satisfy the first element of a § 1983 claim which requires defendants to act under the color of state law. Defendants are private attorneys and are not exercising their responsibilities pursuant to state law. Therefore, defendants' alleged actions cannot be determined to fall under the color of state law.

## IV. CONCLUSION

Although the court construes plaintiff's complaint liberally, even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122. F.3d 1251, 1257 (9th Cir. 1997). For all the foregoing reasons, plaintiff has failed to state a colorable § 1983 claim against any of the named defendants, and the amended complaint must be dismissed. While mindful that *pro se* litigants are generally

entitled to notice of the deficiencies in the complaint and an opportunity to amend, *Cato*, 70 F.3d at 1106, the court concludes that further leave to amend would be futile in this case. Plaintiff was previously advised of the applicable legal standards and granted the opportunity to cure the defects discussed above. (*See* ECF No. 3.) Plaintiff was either unable or unwilling to do so. Therefore, plaintiff's amended complaint and this action should be dismissed without leave to amend. *See, e.g.*, *Frank v. City of Henderson*, 2015 WL 5562582, at *5 (D. Nev. Sept. 21, 2015) (finding further leave to amend futile where plaintiffs amended complaint and again failed to allege sufficient facts to support § 1983 claim); *Piovo v. Stone*, No. 2:13–cv–01922–APG–GWF, 2015 WL 1014344, at *3 (D. Nev. March 9, 2015) (dismissing without leave to amend where plaintiff failed "to adequately allege a federal claim despite being given three opportunities to do so").

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's amended complaint (ECF No. 7) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED:** July 24, 2017

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**